# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-236V
### Filed: January 10, 2020
UNPUBLISHED

---

MATTHEW RODELA and CASANDRA
RODELA, as Legal Representatives of
the Estate of V.S.R.,

                         Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                         Respondent.

---

Special Master Horner

Interim Attorneys' Fees and Costs
Decision; Excessive Billing; Expert
Costs

*Curtis R. Webb, Twin Falls, ID,* for petitioners.
*Althea Walker Davis, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 21, 2019, petitioners moved for an award of interim attorneys' fees and costs in the amount of $174,983.26. (ECF No. 73.) For the reasons discussed below, I award petitioner interim attorneys' fees and costs in the reduced amount of $173,623.26.

### I.    Procedural History

Petitioners filed their petition on February 17, 2017, under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that their daughter, V.S.R., suffered encephalitis that caused her death on March 11, 2015 as a result of her receipt of various childhood vaccinations on February 20, 2015. (ECF No. 1.)

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

Petitioners filed expert reports from Dr. Marcel Kinsbourne and Dr. Robert Shuman in support of their petition.  (Exs. 16, 34, 38, 39.)  Respondent filed his Rule 4(c) report recommending against compensation as well as responsive expert reports from Dr. Brent T. Harris, Dr. Elaine Wirrell, and Dr. Hayley Gans.  (ECF No. 48; Exs. A, C, E, G, H.)  This case was reassigned to my docket on August 29, 2019.  (ECF No. 70.)  On December 18, 2019, petitioners filed a status report, requesting an entitlement hearing in this case.  (ECF No. 75.)

On November 21, 2019, petitioners moved for an award of interim attorneys' fees and costs in the amount of $174,983.26, representing $81,292.00 in interim attorneys' fees and $93,691.26 in interim attorneys' costs.  (ECF No. 73.)  On December 13, 2019, respondent filed his response to petitioners' motion for interim attorneys' fees and costs.  (ECF No. 74-1.)  In response, respondent deferred to the special master whether petitioners met the legal standard for an interim fees and costs award.  (*Id.* at 2.)  Additionally, respondent deferred to the special master regarding the determination of the amount of reasonable attorneys' fees and costs, assuming an award is appropriate.  (*Id.*)  Petitioners did not file a reply.

This matter is now ripe for consideration.

## II.   Discussion

### a.  An Award of Interim Fees and Costs is Appropriate

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa–15(e)(1)(A)–(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Services*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  *Id.*  In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375.  Respondent deferred to my discretion as to whether the standard for an interim award of fees and costs is appropriate in this case.  (ECF No. 68, p. 2.)

Upon review of the records and expert reports filed to date, it appears that the petition was filed in good faith and that petitioners had reasonable basis to file their claim.  Moreover, respondent has not challenged petitioners' good faith or reasonable basis for the claim.  Additionally, petitioners' request for interim fees and costs is made

after more than two years of litigation within the entitlement phase of this case and after petitioners incurred expenses for two different expert opinions to support their claim. And, given the queue of older cases in my docket awaiting an entitlement hearing ahead of this case at this time, the scheduling of an entitlement hearing and thus, the timing of the ultimate resolution of this claim, remains unknown. Accordingly, I find that petitioners' request for an award for interim attorneys' fees and costs is reasonable at this juncture.

### b.   Reasonableness of the Requested Award

The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g. Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.,* 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam).

### 1.   Reasonable Interim Attorneys' Fees

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera,* 515 F.3d at 1348 (citation and quotation omitted). In *Avera,* the Federal Circuit found that in Vaccine Act cases, the special master should use the forum rate, i.e., the DC rate, in determining an award of attorneys' fees unless the bulk of the work is completed outside of the District of Columbia and there is a "very significant difference" between the forum hourly rate and the local hourly rate. 515 F.3d at 1349 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Spec. Serv. Dist. v. U.S. Envtl. Prot. Agency,* 169 F.3d 755 (D.C. Cir. 1999)).

The decision in *McCulloch* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motions for recons. denied,* 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has subsequently updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, and 2019 can be accessed online.[2]

---

[2] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are derived from the decision in

Based on my experience and review of the billing records submitted by petitioners, I find petitioners' attorneys' fees rates to be acceptable and in conformance with what the other special masters have awarded attorney Curtis Webb and in accordance with the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedules. *See Garrison v. Sec'y of Health & Human Servs.*, No. 14-762V, 2016 WL 3022076 (Fed. Cl. Spec. Mstr. Apr. 29, 2016), *aff'd*, 128 Fed. Cl. 99 (2016) (finding that determining fee awards based on forum rates for Twin Falls, Idaho is reasonable and awarding forum rates to attorney Curtis Webb).

However, turning to the hours billed, special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Additionally, special masters have previously found it reasonable to reduce the fees paid to petitioners due to billing for intra-office communication. *Soto v. Sec'y of Health & Human Servs.*, No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011); *Carcamo v. Sec'y of Health & Human Servs.,* No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011).

After reviewing the billing records, there were entries billed by Mr. Alexander Webb, paralegal, for reading expert reports.[3] While there may be reason for paralegals to review expert reports, here, the billing records do not substantiate the reason for the review or reflect any substantial later work by Mr. Alexander Webb related to his review of expert reports. Especially in light of Mr. Curtis Webb billing for the review and work related to the same expert reports, the hours billed by Mr. Alexander Webb appear duplicative. Therefore, I find the 12.5 hours that Mr. Alexander Webb billed for reading expert reports excessive and unreasonable and that one hour is a reasonable amount of time for Mr. Alexander Webb to review the expert reports in order to perform subsequent paralegal work related to the expert reports.[4] This results in a **reduction of $1,360** of the requested fees.

## 2. Reasonable Interim Attorneys' Costs

Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both.

---

*McCulloch*, 2015 WL 5634323.

[3] The billing entries at issue are billed by Mr. Alexander Webb for work relating to reading expert reports on December 11, 2018, December 12, 2018, January 7, 2019, January 8, 2019, and March 10, 2019.

[4] For example, on March 12, 2019, Mr. Alexander Webb spent time seeking out medical literature cited in Dr. Shuman's supplemental expert report.

Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs.").

Petitioners requested a total of $93,691.26 in attorneys' costs, which consisted of the filing fee, costs in obtaining medical literature, and expert costs.  Petitioners provided adequate documentation supporting the requested costs and all appears reasonable in my experience.  However, it should be noted that of the two experts retained in this case, Dr. Shuman billed 181.9 hours at an hourly rate of $400 an hour, resulting in a total amount of $72,943.75, which is the majority of the requested costs.  Although 181.9 hours billed by Dr. Shuman appears high, I have reviewed his billing records and did not identify any wholly unreasonable entries.  Notably, the two reports produced by Dr. Shuman in this case involved detailed discussion regarding his review of multiple histologic autopsy slides as well as numerous photomicrographs that he generated for presentation in this case.[5]

## III.   Conclusion

In light of the above, petitioner's application for interim attorneys' fees and costs is **GRANTED** with reductions as follows:

| Interim Attorneys' Fees Requested | $81,292.00 |
|---|---|
| (Reduction of Interim Fees) | -($1,360.00) |
| **Total Interim Attorneys' Fees Awarded** | **$79,932.00** |
| | |
| Interim Attorneys' Costs Requested | $93,691.26 |
| **Total Interim Attorneys' Costs Awarded** | **$93,691.26** |
| | |
| **Total Interim Attorneys' Fees and Costs** | **$173,623.26** |

Accordingly, I award the total of **$173,623.26** as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Curtis R. Webb, Esq.

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**

[5] In a prior case, Dr. Shuman was criticized for engaging in block billing, wherein he billed over 14 hours in a single a day on brief and vague descriptions.  *See Sharpe v. Sec'y of Health & Human Servs.*, No. 14-65V, 2018 WL 3990867 (Fed. Cl. Spec. Mstr. July 6, 2018).  Here, Dr. Shuman engaged in similar block billing.  For example, in one instance he billed 16 hours in one single day in a single entry.  As noted in *Sharpe*, this constitutes disfavored block billing, but the accompanying descriptions here were sufficiently detailed, such that the hours appear reasonable.  However, Dr. Shuman is cautioned against continuing to rely on block billing.

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

Daniel T. Horner
Special Master