# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-236V
Filed: August 8, 2024
UNPUBLISHED

| | |
|---|---|
| MATTHEW RODELA and CASANDRA HOGAN as legal representatives of the estate of V.S.R., <br><br>              Petitioner, <br>v. <br><br>SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>              Respondent. | Special Master Horner |

*Curtis R. Webb*, Monmouth, OR, for petitioner.
*Lynn Christina Schlie*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On February 17, 2017, Matthew Rodela and Casandra Hogan ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), on behalf of their deceased daughter, V.S.R.  (ECF No. 1.)  Petitioners allege that the Measles, Mumps, Rubella ("MMR") vaccination that V.S.R. received on February 20, 2015 caused her to suffer a Table Injury of encephalitis that ultimately resulted in her death.  (*Id.*)

On April 5, 2024, a ruling on entitlement was issued, finding petitioners entitled to compensation for a Table Injury of encephalitis.  (ECF No. 125.)  On August 8, 2024, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $310,000.00, including $250,000.00 representing "compensation for the statutory benefit for a vaccine-related death," and $60,000.00 representing

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

"compensation for past pain and suffering." (ECF No. 132.)  In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.*  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award petitioners a lump sum payment of $310,000.00, representing $250,000.00 in compensation for the statutory benefit for a vaccine-related death and $60,000.00 in compensation for past pain and suffering, in the form of a check payable to petitioners.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MATTHEW RODELA and CASANDRA HOGAN as legal representatives of the estate of V.S.R., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 17-236V <br> Special Master Horner <br> ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On February 17, 2017, Matthew Rodela and Casandra Hogan ("petitioners") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), on behalf of their deceased child, V.S.R., alleging that V.S.R. suffered an encephalitis and subsequently died following the administration of Hepatitis A; Haemophilus influenzae type B; pneumococcal conjugate; measles, mumps, and rubella; and varicella vaccines she received on February 20, 2015. Petition at 1-2. On November 30, 2018, respondent filed his Rule 4(c) Report recommending that entitlement to compensation be denied. ECF No. 48. On April 5, 2024, Special Master Horner issued a Ruling on Entitlement finding petitioners entitled to compensation.[1] ECF No. 125.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of Special Master Horner's April 5, 2024, entitlement decision.

I.  **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioners should be awarded the following, and requests that the Special Master's decision and the Court's judgment award:

a. a lump sum payment of **$250,000.00**, which represents compensation for the statutory benefit for a vaccine-related death, and

b. a lump sum payment of **$60,000.00**, which represents compensation for past pain and suffering.

These amounts represent all elements of compensation to which petitioners are entitled under 42 U.S.C. § 300aa-15(a)(2) and (a)(4). Petitioners agree.

II.  **Form of the Award**

Respondent recommends that petitioners be awarded a lump sum payment of **$310,000.00**, in the form of a check payable to petitioners, Matthew Rodela and Casandra Hogan, as personal representatives of the estate of V.S.R.[2] Petitioners agree.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[2] If for some reason petitioners are not authorized by a court of competent jurisdiction to serve as the personal representatives of the estate of V.S.R. at the time a payment pursuant to this Proffer is to be made, then any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as personal representative(s) of the estate of V.S.R. upon submission of written documentation of such appointment to the Secretary.

                TRACI R. PATTON
                Assistant Director
                Torts Branch, Civil Division

                */s/ Lynn C. Schlie*
                LYNN C. SCHLIE
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146 Benjamin Franklin Station
                Washington D.C. 20044-0146
                Tel: (202) 616-3667
                E-mail:  lynn.schlie@usdoj.gov

Dated: August 8, 2024