# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-236V
Filed: October 30, 2025

| | |
|---|---|
| MATTHEW RODELA and CASANDRA HOGAN *as Legal Representatives of the Estate of V.S.R.*,<br><br>　　　　　　　　　Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　　Respondent. | Special Master Horner |

*Curtis R. Webb*, Monmouth, OR, for petitioners.
*Tyler King*, U.S. Department of Justice, Washington, DC, for respondent.

### ORDER GRANTING JOINT MOTION FOR RELIEF FROM JUDGMENT AND ENTRY OF AMENDED JUDGMENT[1]

On February 17, 2017, Matthew Rodela and Casandra Hogan ("petitioners") filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2018) ("Vaccine Act"),[2] on behalf of their deceased daughter, V.S.R. (ECF No. 1.) Petitioners alleged that the Measles, Mumps, Rubella ("MMR") vaccination that V.S.R. received on February 20, 2015 caused her to suffer a Table Injury of encephalitis that ultimately resulted in her death. (*Id.*)

On April 5, 2024, the undersigned issued a ruling on entitlement, finding petitioners entitled to compensation. (ECF No. 125.) Thereafter, on August 8, 2024, a

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citation to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10-34.

1

decision was issued awarding petitioners damages.  (ECF No. 133.)  Judgment entered on September 12, 2024.  (ECF No. 136.)  In accordance with the undersigned's decision awarding damages, the judgment awarded petitioners "a lump sum payment of $310,000.00, in the form of a check payable to petitioner."  (*Id.*)

On October 30, 2025, the parties filed a joint motion for relief from the September 12, 2024 judgment and seeking a limited amendment of the judgement.  (ECF No. 142.)  The parties represent that petitioners' bank will not accept a check addressed to petitioners.  (*Id.* at 2.)  Accordingly, the parties seek modification of the judgment regarding the form of payment, and request that compensation be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to the Estate of Violet Skye Rodela.  (*Id.* at 1.)  For the reasons discussed below, the parties' joint motion is **GRANTED**.

Vaccine Rule 36 allows parties in this program to seek relief from judgment via RCFC 60.  *See* Vaccine Rule 36(a).  Because this case has never been assigned to a judge for review, any motion pursuant to Vaccine Rule 36 is directed to the special master.  *See* Vaccine Rule 36(a)(2).  The special master must file a written ruling on the motion that is then subject to a motion for review.  *See* Vaccine Rule 36(b).

RCFC 60(b) sets forth six circumstances under which the court may relieve a party from a final judgment or order.  Specifically:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

The Federal Circuit has indicated that RCFC 60(b) is a remedial provision that must therefore be liberally construed.  *Patton v. Sec'y of Health & Human Servs.*, 25 F.3d 1021, 1030 (Fed. Cir. 1994).  However, because judgments are intended to be final, relief under RCFC 60(b) requires "extraordinary circumstances," *Kenzora v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 588, 595-96 (2016), and "should be used sparingly," *G.G.M. ex rel. Mora v. Sec'y of Health & Human Servs.*, No. 13-421V, 2015 WL 1275389, at *2 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for rev. denied*, 122 Fed.

Cl. 199 (2015), *aff'd*, 673 F. App'x 991 (Fed Cir. 2016).  The balancing of these considerations is generally a discretionary determination.  *DiMasi v. Sec'y of Health & Human Servs.*, No. 2022-1854, 2023 WL 4697122, at *7 (Fed. Cir. July 24, 2023).

In this case, the parties learned, following the entry of judgment, that petitioners' bank would not accept a check written to the petitioners.  (ECF No. 142, p. 2.)  Petitioners' counsel represents that in order for the bank to accept the check, it must be addressed to the Estate of Violet Skye Rodela, or for compensation to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to the Estate of Violet Skye Rodela.  (*Id.*)  Moreover, the relief sought by the instant motion is requested jointly by both parties.  The parties argue that in accordance with RCFC 60(b)(6), the relief sought is justified to complete payment of the damages awarded to petitioners.  The undersigned agrees.  Petitioners have already been found entitled to compensation and awarded damages in this case.  The Vaccine Program has a strong interest in ensuring petitioners receive the compensation awarded under the Vaccine Act.  Therefore, exercising my discretion, I find that the parties have demonstrated that relief from judgment is warranted in this case.

Accordingly, the parties' joint motion is **GRANTED**.  The Clerk is hereby instructed to **VACATE** the judgment entered on September 12, 2024 (ECF No. 136), and to **WITHDRAW** the Decision Awarding Damages issued on August 8, 2024 and published on September 3, 2024 (ECF Nos. 133-134).  An updated Decision Awarding Damages will be issued separately with the corrected information.

The amount of petitioners' award is unaffected by this Order.  Pursuant to Vaccine Rule 36(c), in the event that an original judgment awarding a petitioner damages is modified in accordance with RCFC 60, "such damages must be calculated based on the date of the original judgment, unless the ruling of the special master or the court directs otherwise."

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master