# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-236V
Filed: November 3, 2025

|  |  |
|---|---|
| MATTHEW RODELA and CASANDRA HOGAN *as Legal Representatives of the Estate of V.S.R.*, <br><br>                                    Petitioners, <br>v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                                    Respondent. | Special Master Horner |

*Curtis R. Webb*, Monmouth, OR, for petitioners.
*Tyler King*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On February 17, 2017, Matthew Rodela and Casandra Hogan ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), on behalf of their deceased daughter, V.S.R.  (ECF No. 1.)  Petitioners allege that the Measles, Mumps, Rubella ("MMR") vaccination that V.S.R. received on February 20, 2015 caused her to suffer a Table Injury of encephalitis that ultimately resulted in her death.  (*Id.*)

On April 5, 2024, a ruling on entitlement was issued, finding petitioners entitled to compensation for a Table Injury of encephalitis.  (ECF No. 125.)  On August 8, 2024, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $310,000.00, including $250,000.00 representing "compensation for the statutory benefit for a vaccine-related death," and $60,000.00 representing "compensation for past pain and suffering."  (ECF No. 132.)  In the Proffer, respondent

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer,[3] **I award petitioners a lump sum payment of $310,000.00, representing $250,000.00 in compensation for the statutory benefit for a vaccine-related death and $60,000.00 in compensation for past pain and suffering, to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to the Estate of Violet Skye Rodela.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] After the Proffer was filed, the undersigned issued a Decision Awarding Damages in accordance with the terms stated in the Proffer, and a judgement was entered, which was consistent with that Decision. However, on October 30, 2025, the parties' filed a joint motion for relief from judgment and requested a limited amendment of the original judgment regarding the form of payment. (ECF No. 142.) The undersigned granted the parties' motion and instructed the Clerk to vacate the judgment and withdraw the prior decision. (ECF No. 143.) The undersigned now issues an updated Decision Awarding Damages, which incorporates the parties' requested modification with respect to the form of payment but is otherwise in accordance with the terms of the Proffer.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MATTHEW RODELA and CASANDRA HOGAN as legal representatives of the estate of V.S.R., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 17-236V <br> Special Master Horner <br> ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 17, 2017, Matthew Rodela and Casandra Hogan ("petitioners") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), on behalf of their deceased child, V.S.R., alleging that V.S.R. suffered an encephalitis and subsequently died following the administration of Hepatitis A; Haemophilus influenzae type B; pneumococcal conjugate; measles, mumps, and rubella; and varicella vaccines she received on February 20, 2015. Petition at 1-2. On November 30, 2018, respondent filed his Rule 4(c) Report recommending that entitlement to compensation be denied. ECF No. 48. On April 5, 2024, Special Master Horner issued a Ruling on Entitlement finding petitioners entitled to compensation.[1] ECF No. 125.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of Special Master Horner's April 5, 2024, entitlement decision.

I.   **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioners should be awarded the following, and requests that the Special Master's decision and the Court's judgment award:

    a. a lump sum payment of **$250,000.00**, which represents compensation for the statutory benefit for a vaccine-related death, and

    b. a lump sum payment of **$60,000.00**, which represents compensation for past pain and suffering.

These amounts represent all elements of compensation to which petitioners are entitled under 42 U.S.C. § 300aa-15(a)(2) and (a)(4).  Petitioners agree.

II.   **Form of the Award**

Respondent recommends that petitioners be awarded a lump sum payment of **$310,000.00**, in the form of a check payable to petitioners, Matthew Rodela and Casandra Hogan, as personal representatives of the estate of V.S.R.[2]  Petitioners agree.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[2]  If for some reason petitioners are not authorized by a court of competent jurisdiction to serve as the personal representatives of the estate of V.S.R. at the time a payment pursuant to this Proffer is to be made, then any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as personal representative(s) of the estate of V.S.R. upon submission of written documentation of such appointment to the Secretary.

2

3

          TRACI R. PATTON
          Assistant Director
          Torts Branch, Civil Division

          */s/ Lynn C. Schlie*
          LYNN C. SCHLIE
          Trial Attorney
          Torts Branch, Civil Division
          U.S. Department of Justice
          P.O. Box 146 Benjamin Franklin Station
          Washington D.C. 20044-0146
          Tel: (202) 616-3667
          E-mail: lynn.schlie@usdoj.gov

Dated: August 8, 2024

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-236V
Filed: October 30, 2025

| | |
|---|---|
| MATTHEW RODELA and CASANDRA HOGAN *as Legal Representatives of the Estate of V.S.R.*,<br><br>                    Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner |

*Curtis R. Webb, Monmouth, OR, for petitioners.*
*Tyler King, U.S. Department of Justice, Washington, DC, for respondent.*

### ORDER GRANTING JOINT MOTION FOR RELIEF FROM JUDGMENT AND ENTRY OF AMENDED JUDGMENT[1]

On February 17, 2017, Matthew Rodela and Casandra Hogan ("petitioners") filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2018) ("Vaccine Act"),[2] on behalf of their deceased daughter, V.S.R. (ECF No. 1.) Petitioners alleged that the Measles, Mumps, Rubella ("MMR") vaccination that V.S.R. received on February 20, 2015 caused her to suffer a Table Injury of encephalitis that ultimately resulted in her death. (*Id.*)

On April 5, 2024, the undersigned issued a ruling on entitlement, finding petitioners entitled to compensation. (ECF No. 125.) Thereafter, on August 8, 2024, a

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citation to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10-34.

1

decision was issued awarding petitioners damages.  (ECF No. 133.)  Judgment entered on September 12, 2024.  (ECF No. 136.)  In accordance with the undersigned's decision awarding damages, the judgment awarded petitioners "a lump sum payment of $310,000.00, in the form of a check payable to petitioner."  (*Id.*)

On October 30, 2025, the parties filed a joint motion for relief from the September 12, 2024 judgment and seeking a limited amendment of the judgement.  (ECF No. 142.)  The parties represent that petitioners' bank will not accept a check addressed to petitioners.  (*Id.* at 2.)  Accordingly, the parties seek modification of the judgment regarding the form of payment, and request that compensation be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to the Estate of Violet Skye Rodela.  (*Id.* at 1.)  For the reasons discussed below, the parties' joint motion is **GRANTED**.

Vaccine Rule 36 allows parties in this program to seek relief from judgment via RCFC 60.  *See* Vaccine Rule 36(a).  Because this case has never been assigned to a judge for review, any motion pursuant to Vaccine Rule 36 is directed to the special master.  *See* Vaccine Rule 36(a)(2).  The special master must file a written ruling on the motion that is then subject to a motion for review.  *See* Vaccine Rule 36(b).

RCFC 60(b) sets forth six circumstances under which the court may relieve a party from a final judgment or order.  Specifically:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

The Federal Circuit has indicated that RCFC 60(b) is a remedial provision that must therefore be liberally construed.  *Patton v. Sec'y of Health & Human Servs.*, 25 F.3d 1021, 1030 (Fed. Cir. 1994).  However, because judgments are intended to be final, relief under RCFC 60(b) requires "extraordinary circumstances," *Kenzora v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 588, 595-96 (2016), and "should be used sparingly," *G.G.M. ex rel. Mora v. Sec'y of Health & Human Servs.*, No. 13-421V, 2015 WL 1275389, at *2 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for rev. denied*, 122 Fed.

2

Cl. 199 (2015), *aff'd*, 673 F. App'x 991 (Fed Cir. 2016). The balancing of these considerations is generally a discretionary determination. *DiMasi v. Sec'y of Health & Human Servs.*, No. 2022-1854, 2023 WL 4697122, at *7 (Fed. Cir. July 24, 2023).

In this case, the parties learned, following the entry of judgment, that petitioners' bank would not accept a check written to the petitioners. (ECF No. 142, p. 2.) Petitioners' counsel represents that in order for the bank to accept the check, it must be addressed to the Estate of Violet Skye Rodela, or for compensation to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to the Estate of Violet Skye Rodela. (*Id.*) Moreover, the relief sought by the instant motion is requested jointly by both parties. The parties argue that in accordance with RCFC 60(b)(6), the relief sought is justified to complete payment of the damages awarded to petitioners. The undersigned agrees. Petitioners have already been found entitled to compensation and awarded damages in this case. The Vaccine Program has a strong interest in ensuring petitioners receive the compensation awarded under the Vaccine Act. Therefore, exercising my discretion, I find that the parties have demonstrated that relief from judgment is warranted in this case.

Accordingly, the parties' joint motion is **GRANTED**. The Clerk is hereby instructed to **VACATE** the judgment entered on September 12, 2024 (ECF No. 136), and to **WITHDRAW** the Decision Awarding Damages issued on August 8, 2024 and published on September 3, 2024 (ECF Nos. 133-134). An updated Decision Awarding Damages will be issued separately with the corrected information.

The amount of petitioners' award is unaffected by this Order. Pursuant to Vaccine Rule 36(c), in the event that an original judgment awarding a petitioner damages is modified in accordance with RCFC 60, "such damages must be calculated based on the date of the original judgment, unless the ruling of the special master or the court directs otherwise."

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master
